**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WARREN B. MCFERREN,<br><br>    Plaintiff,<br><br>v.<br><br>FAIR COLLECTIONS & OUTSOURCING, INC. and TRANS UNION LLC,<br><br>    Defendants. | Case No. 1:18-cv-07562 |

**COMPLAINT**

NOW COMES Plaintiff, WARREN B. MCFERREN, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendants FAIR COLLECTIONS & OUTSOURCING, INC. and TRANS UNION LLC, as follows:,

**NATURE OF THE ACTION**

1. This action seeks damages for Defendants' willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337(a) under 15 U.S.C. § 1681p with respect to Plaintiff's FCRA claims.

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) with respect to Plaintiff's FDCPA claims.

4. Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

## PARTIES

5. WARREN B. MCFERREN ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

7. Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) as he is a natural person obligated or allegedly obligated to pay a debt.

9. FAIR COLLECTIONS & OUTSOURCING, INC. ("FCO") is a foreign corporation with a principal place of business in Beltsville, Maryland.

10. FCO is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

11. FCO is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

12. The principal purpose of FCO's business is the collection of debt owed or due or asserted to be owed or due another.

13. On information and belief, FCO transmits hundreds of debt collection letters from its principal place of business.

14. Alternatively, FCO transmits hundreds of debt collection letters to residents of this judicial district.

15. TRANS UNION LLC ("Trans Union") is a limited liability company with its principal place of business in Chicago, Illinois.

16. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

17. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

**FACTUAL ALLEGATIONS**

18. On April 13, 2014, Earthleen Matthews-McFerren, Sydney McFerren and Warren M. McFerren (the "Lessees") contracted with Home Properties, L.P. to rent an apartment.

19. Specifically, the Lessees entered into a Residential Lease Agreement (the "Lease") to rent 414 West 34th Street, Apartment 317, Steger, Illinois 60475 (the "Property").

20. The Lessees fell into default under the Lease; before vacating the Property with a $4,856.72 balance (the "Debt").

21. The $4,856.72 balance owed to Home Properties, L.P. is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. Before long, Home Properties, L.P. placed the Debt with FCO for collection.

23. On January 27, 2015, FCO reported the Debt to Trans Union.

24. On December 6, 2016, Plaintiff initiated a Direct Dispute™ with Trans Union through Credit Karma®.

25. Plaintiff clearly disputed "Ownership: This is not my account. It belongs to a relative or a person with a similar name or address."

26. Trans Union received Plaintiff's request on December 6, 2016.

27. Trans Union completed their investigation on December 16, 2016.

28. The result of Trans Union's investigation was "Verified. No Change – Trans Union verified [Plaintiff's] Trans Union credit report information. No changes have been made."

29. Twenty months passed as FCO continued to report the Debt to Trans Union.

30. As recent as, on July 15, 2018, FCO reported an "[o]pen" status as well as a "$4,857.00" balance to Trans Union.

31. On August 28, 2018, Plaintiff called FCO.

32. Plaintiff informed FCO that the Debt was not his, but his son's.

33. FCO requested that Plaintiff dispute in writing.

34. On September 13, 2018, Plaintiff sent FCO a dispute letter by electronic mail.

35. Plaintiff informed FCO that he did not enter into a lease with Home Properties, L.P.

36. On September 13, 2018, FCO sent Plaintiff "Verification of the Debt" (the "Verification").

37. The Verification stated:

| Account Number: 4017589 | Principal Amount: | Payments To FCO: | Account Balance: |
|---|---|---|---|
| Creditor: HOME PROPERTIES L.P. - (17952) | $4,856.72 | $0.00 | $4,856.72 |

Per your request, please find enclosed verification of the above referenced debt.

Our professional debt collectors are here to help you resolve this amount due. Contact (877) 324-7959.

This communication is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

Sincerely,

Collections Department.

38. The Verification is a "communication" as defined by 15 U.S.C. § 1692(a)(2) as it conveys information regarding the Debt directly to Plaintiff.

39. By transmitting the Verification to Plaintiff, FCO attempted to collect debt incurred for "personal, family, or household purpose" as defined by 15 U.S.C. § 1692a(5).

40. The Verification included a copy of the Lease clearly identifying Warren M. McFerren as Lessee.

41. On September 27, 2018, Plaintiff mailed a dispute letter to Trans Union by First-Class Mail®.

42. Plaintiff's dispute letter to Trans Union articulated that the Debt belonged to Plaintiff's son, Warren M. McFerren, and was not his.

43. Plaintiff requested that Trans Union investigate FCO's inaccurate reporting.

44. On information and belief, Trans Union received Plaintiff's dispute letter.

45. On information and belief, Trans Union notified FCO of Plaintiff's dispute within five days of receiving the same.

46. On October 12, 2018, Trans Union mailed Plaintiff its investigation results.

47. In response to Plaintiff's dispute, FCO's trade line was deleted from Plaintiff's credit report.

## DAMAGES

48. FCO's inaccurate furnishing as well as Trans Union's inaccurate reporting of this debt portrayed a damaging and dishonest depiction of Plaintiff.

49. This experience imposed distrust, distress, and frustration on Plaintiff, leaving Plaintiff helpless to regain control of his credit standing/creditworthiness.

50. Specifically, this experience resulted in anxiety, decreased credit opportunities, decreased credit standing/creditworthiness, emotional distress, as well as expenditure of time.

51. Indeed, Plaintiff suffered monetary loss in form of postage in order to send dispute(s) to Trans Union.

## CLAIMS FOR RELIEF

### Count I:
### FCO's violation(s) of 15 U.S.C. § 1681 *et seq.*

52. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

53. The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

### A. FCO's failure to conduct an investigation

54. 15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A) Conduct an investigation with respect to the disputed information;

(B) Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

(C) Report the results of the investigation to the consumer reporting agency;

(D) If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

   (i) Modify that item of information;

   (ii) Delete that item of information; or

   (iii) Permanently block the reporting of that item of information.

55. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), FCO received Plaintiff's dispute(s) from Trans Union.

56. FCO violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

57. FCO violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Trans Union.

58. Had FCO conducted a reasonable investigation, FCO would have discovered that this debt belonged to Plaintiff's son, Warren M. McFerren, and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

59. FCO violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Trans Union.

60. FCO violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

61. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

62. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

    (1)    any actual damages sustained by the consumer as a result of the failure; and

    (2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

63. FCO's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find FCO in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B. award any actual damages to Plaintiff as a result of FCO's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

## Count II
## Trans Union's violation(s) of 15 U.S.C. § 1681 *et seq.*

64. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A.     Trans Union's failure to follow reasonable procedures**

65. Section 1681e(b) requires credit reporting agencies such as Trans Union to maintain "reasonable" procedures to ensure "maximum possible accuracy" of consumer credit reports.

66. Trans Union violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiffs.

67. Upon information and belief, on multiple and numerous occasions, Trans Union prepared patently inaccurate consumer reports concerning Plaintiff.

68. Upon information and belief, Trans Union furnished such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

**B.     Trans Union's failure to conduct a reasonable investigation**

69. Section 1681(a)(1)(A) requires a credit reporting agency to, upon notice of a dispute from an individual regarding the information in his credit report, conduct a "reasonable reinvestigation" to determine whether the disputed information is inaccurate, and either record the current status of the disputed information, or delete it from the consumer's file.

70. Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Trans Union received Plaintiffs' dispute(s).

71. Trans Union violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of the dispute to FCO before the expiration of the 5-business-day period beginning on the date on which Trans Union received Plaintiffs' dispute(s).

72. Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff before the end of the 30-day period beginning on the date on which Trans Union received Plaintiff's dispute(s).

73. Trans Union violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that item of information from the file of Plaintiff, or modify that item of information, as appropriate, based on the results of the reinvestigation.

74. Trans Union violated 15 U.S.C. § 1681c(f) by failing to indicate Plaintiff's dispute(s) in each consumer report that includes the disputed information.

75. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

 (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

76. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

10

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

77. Trans Union's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find Trans Union in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), 1681i(a)(5)(A)(i), and 1681c(f).

B. award any actual damages to Plaintiff as a result of Trans Union's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

### Count III:
### FCO's violation(s) of 15 U.S.C. § 1692 *et seq.*

78. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692e**

79. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

    (A) the character, amount, or legal status of any debt.

\*\*\*

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

\*\*\*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e, e(2), e(8) and e(10).

80. Indeed, merely dunning a person who is not legally obligated to pay the debt makes the debt collector liable under the FDCPA as a matter of law because it is, ipso facto, a false representation about the status of character of the debt. *See Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991).

81. FCO violated 15 U.S.C. § 1692e, e(2), and e(10) by targeting the wrong Warren McFerren in an attempt to collect this Debt.

82. FCO violated 15 U.S.C. § 1692e(8) by falsely communicating credit information; specifically, an "[o]pen" status as well as "$4,857.00" balance to Trans Union that did not belong to Plaintiff.

83. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e, e(2), e(8), and e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(1) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff request the following relief:

A. find that FCO violated 15 U.S.C. §§ 1692e, e(2), e(8), and e(10);

B. enjoin FCO from further violations of 15 U.S.C. §§ 1692e, e(2), e(8), and e(10);

C. award any actual damage sustained by Plaintiff as a result of FCO's violation pursuant to 15 U.S.C. § 1692k(a)(1);

D. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

E. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

F. award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

November 14, 2018                                             Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Warren B. McFerren*