IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WARREN B. MCFERREN, | |
| Plaintiff, | Case No. 1:18-cv-07562 |
| v. | Honorable John J. Tharp, Jr. |
| FAIR COLLECTIONs & OUTSOURCING, INC. and TRANS UNION LLC, | Honorable Michael T. Mason Magistrate Judge |
| Defendants. | |

## INITIAL STATUS REPORT

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Procedures, the parties submit the following Initial Status Report.

**1.** **The Nature of the Case**

    **A.** **Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

Joseph Scott Davidson
Mohammed Omar Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-581-5450
+1 630-575-8180
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Warren B. McFerren*

Camille R. Nicodemus
Sandra Davis Jansen
SCHUCKIT & ASSOCIATES, P.C.
4545 Northwestern Drive
Zionsville, Indiana 46077
+1 317-363-2400
cnicodemus@schuckitlaw.com
sjansen@schuckitlaw.com

Michael Joseph Sreenan
MICHAEL J. SREENAN P.C.
1341 West Fullerton Avenue
No. 175
Chicago, Illinois 60614
+1 773-549-8700
msreeman@sreenanpc.com

*Counsel for Trans Union LLC*

1

>Daniel Laurence Polsby
>Paige Moray Neel
>CLAUSEN MILLER P.C.
>10 South LaSalle Street
>Suite 1600
>Chicago, Illinois 60603
>+1 312-855-1010
>+1 312-606-7852
>dpolsby@clausen.com
>pneel@clausen.com
>
>*Counsel for Fair Collections & Outsourcing, Inc.*

**B.      Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.**

<u>Plaintiff</u>: Plaintiff claims FCO violated Section 1681-s-2(b) by: (1) failing to conduct an investigation with respect to the disputed information being reported on the FCO trade line, after receiving a request to do so from Trans Union; (2) failing to review all relevant information provided by Trans Union; (3) failing to modify, delete, or permanently block the inaccurate information on Plaintiff's consumer reports; and (4) failing to report the results of its investigation or reinvestigation to Trans Union after being put on notice and discovering inaccurate reporting of the subject mortgage loan. Additionally, Plaintiff claims FCO violated Section 1681i(a)(1) by failing to conduct a reasonable reinvestigation of its reporting on the subject mortgage loan within 30 days of receiving notice of his dispute.

Plaintiff claims Trans Union violated Section 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff. Plaintiff claims Trans Union violated Section 1681i(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Trans Union received Plaintiff's dispute. (1) failed to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff; and (2) also failed to conduct a reasonable investigation to determine whether disputed information is inaccurate. Plaintiff claims violated Section 1681i(a)(2) by failing to provide notification of Plaintiff's dispute to FCO before the expiration of the 5-business-day period beginning on the date on which Trans Union received Plaintiff's dispute. Plaintiff claims Trans Union violated Section 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff before the end of the 30-day period beginning on the date on which Trans Union received Plaintiff's dispute. Plaintiff claims Trans Union

2

violated Section 1681i(a)(5)(A) by failing to promptly delete that item of information from the file of Plaintiff, or modify that item of information, as appropriate, based on the results of the reinvestigation.

Plaintiff claims FCO violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) by targeting Plaintiff who did not owe this debt. Plaintiff claims FCO violated 15 U.S.C. § 1692e(8) by falsely communicating credit information; specifically, an "[o]pen" status as well as "$4,857.00" balance to Trans Union that did not belong to Plaintiff.

Fair Collections & Outsourcing, Inc. ("FCO"): FCO denies that it violated the FDCPA. To the extent that the finder of fact determines that FCO did violate the FCO, the violation resulted from a bona fide error.

Trans Union LLC ("Trans Union"): Trans Union is a consumer reporting agency, as that term is defined in the FCRA, and is regularly engaged in the preparation of consumer reports as defined by § 1681a(f). Trans Union maintains reasonable procedures designed to assure the maximum possible accuracy of the information it reports about consumers. Trans Union denies that it violated the FCRA in its handling of Plaintiff's dispute(s) and that it is liable to Plaintiff in any manner whatsoever. Even if Plaintiff has suffered any compensable damages, Trans Union is not responsible for the injuries of which Plaintiff complains and are without fault concerning all claims and theories upon which Plaintiff relies.

**C.** **Briefly identify the major legal and factual issues in the case.**

(1) Whether Trans Union maintained and followed reasonable procedures designed to ensure maximum possible accuracy in accordance with 15 U.S.C. §1681e(b)? (2) Whether FCO and Trans Union conducted a reasonable investigation in response to Plaintiff's dispute pertaining to inaccurate credit reporting? (3) Whether FCO accurately furnished account information to Trans Union? (4) Whether FCO made false representations about the status of character of the debt? (5) Whether FCO communicated credit information which is known or which should be known to be false? (6) Whether FCO uses false representation or deceptive means to collect or attempt to collect debt that did not belong to Plaintiff? (7) Whether Plaintiff sustained damages recoverable under the FCRA? (8) Whether Plaintiff sustained damages recoverable under the FDCPA? (9) Whether Plaintiff mitigated his damages? (10) Whether Plaintiff's damages were caused by any actions of FCO? (11) Whether Plaintiff's damages were caused by any actions of Trans Union? (12) Whether any violation of the FDCPA was the result of bona fide error.

**D.** **State the relief sought by any of the parties.**

As result of Defendants' alleged willful violation(s) of 15 U.S.C. § 1681 *et seq.*, Plaintiff is seeking any actual damages sustained as result of Defendants' failure or damages of no less than $100.00 and not more than $1,000.00; such punitive damages as the court may allow; and the costs of the action together with reasonable attorney's fees as determined by the court. As result of Defendants' alleged negligent noncompliance with 15 U.S.C. § 1681 *et seq.*, Plaintiff is seeking any actual damages sustained as result of Defendants' failure, and the costs of the action together with reasonable attorney's fees as determined by the court.

As result of FCO's alleged violation(s) of 15 U.S.C. § 1692 *et seq.*, Plaintiff is seeking any actual damage sustained as result of FCO's failure; such additional damages as the court may allow, but not exceeding $1,000.00; and the costs of the action, together with a reasonable attorney's fee as determined by the court.

**2. Jurisdiction**

 **A. Identify all federal statutes on which federal question jurisdiction is based.**

 Subject matter jurisdiction exists over claims under the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.* under 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. § 1681p. Subject matter jurisdiction exists over claims under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* under 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. § 1692k(d).

**3. Status of Service**

 **A. Identify any defendants that have not been served.**

 None.

**4. Consent to Proceed Before a United States Magistrate Judge**

 **A. Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do <u>NOT</u> report whether individual parties have so consented.**

 Counsel have advised the parties that they may proceed before a Magistrate Judge. However, there isn't unanimous consent to proceed before a Magistrate Judge.

5. **Motions**

    A. **Briefly describe any pending motions.**

    None.

    B. **State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

    FCO anticipates filing an Answer on or before January 7, 2019.

    On December 6, 2018, Trans Union answered Plaintiff's Complaint.

6. **Status of Settlement Discussions**

    A. **Indicate whether any settlement discussions have occurred.**

    On December 10, 2018, Plaintiff made an initial demand on FCO.

    No settlement discussions have occurred with Plaintiff and Trans Union.

    B. **Describe the status of any settlement discussions.**

    Ongoing.

    C. **Whether the parties request a settlement conference.**

    The parties don't request a settlement conference at this time. Trans Union believes a settlement conference may be productive after some discovery has been taken.

Dated: December 13, 2018                                   Respectfully submitted,

*/s/ Joseph Scott Davidson*                                */s/ Camille R. Nicodemus*

Joseph Scott Davidson                                      Camille R. Nicodemus
Mohammed Omar Badwan                                       Sandra Davis Jansen
SULAIMAN LAW GROUP, LTD.                                   SCHUCKIT & ASSOCIATES, P.C.
2500 South Highland Avenue                                 4545 Northwestern Drive
Suite 200                                                  Zionsville, Indiana 46077
Lombard, Illinois 60148                                    +1 317-363-2400
+1 630-581-5450                                            cnicodemus@schuckitlaw.com
+1 630-575-8180                                            sjansen@schuckitlaw.com
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com                                    Michael Joseph Sreenan


*Counsel for Warren B. McFerren*

MICHAEL J. SREENAN P.C.
1341 West Fullerton Avenue
No. 175
Chicago, Illinois 60614
+1 773-549-8700
msreeman@sreenanpc.com

*Counsel for Trans Union LLC*

<u>*/s/ Daniel Laurence Polsby*</u>

Daniel Laurence Polsby
Paige Moray Neel
CLAUSEN MILLER P.C.
10 South LaSalle Street
Suite 1600
Chicago, Illinois 60603
+1 312-855-1010
+1 312-606-7852
dpolsby@clausen.com
pneel@clausen.com

*Counsel for Fair Collections & Outsourcing, Inc.*